IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TYRONE TERRY,

      Plaintiff,

      v.                                         CASE NO.  24-3195-JWL

KANSAS DEPARTMENT OF
CORRECTIONS, Central Inmate
Banking, et. al,

      Defendants.

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas.  The Court granted Plaintiff leave to proceed in forma pauperis.  On November 6, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.  This matter is before the Court on Plaintiff's response (Doc. 7).  The Court's screening standards are set forth in the MOSC.

The underlying facts are set forth in detail in the MOSC.  In summary, Plaintiff  claims that money was taken from his inmate account without his permission in an attempt to force him to purchase food.  Plaintiff alleges that during this "attempted forced expenditure," Plaintiff was ridiculed, belittled, and verbally abused by staff and UTs.  Plaintiff states in his Complaint that he followed the administrative grievance procedures, but "stopped as money finally returned but only after mental breakdown beyond control."  (Doc. 1, at 5.)

The Court found in the MOSC that although Plaintiff alleges that funds were taken from his prisoner account without his permission, he acknowledges that the funds have been returned.

1

The Court noted that even if the funds were not returned, and assuming Plaintiff could show that he has a property interest in his prison account, deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy and Kansas prisoners have an adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property).

The Court also found that the Tenth Circuit has held that "[m]ere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'" *Alvarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005) (unpublished) (quoting *Northington v. Jackson,* 973 F.2d 1518, 1524 (10th Cir. 1992)).

In his response, Plaintiff does not address the issue regarding the funds in his prisoner account. Regarding harassment by staff, Plaintiff argues that it resulted in punishments "of a mental nature and stature as well as those violations leading to a physical nature in the form of debilitations . . . ." (Doc. 7, at 2.) Plaintiff alleges that it caused him to vomit and shake "due to the constant fear of reprisals by defendants – staff." *Id*. Plaintiff states that he is continuing to participate in counseling and group therapy, but he has been unable to stop UTM Little from "badgering and belittling" Plaintiff in front of everyone. *Id*. Plaintiff claims that UTM Little stated "don't worry Bellamy's next, I'm going to put someone in there to finish him off." *Id*. Plaintiff claims that these are serious "life and death criminal threats." *Id*.

Plaintiff's claims regarding alleged threats toward another inmate do not suggest a show of deadly force against Plaintiff. Where "the officers' comments, although inappropriate, do not suggest a show of deadly force," they fail "to create 'terror of instant and unexpected death.'" *Alvarez*, 155 F. App'x at 396; *see also McBride v. Deer*, 240 F.3d 1287, at 1291 n.3 (10th Cir.

2001) ("[A]cts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment.") (citation omitted). The Court found in the MOSC that Plaintiff's claims regarding verbal harassment do not rise to the level of an Eighth Amendment violation, and directed Plaintiff to show good cause why this claim should not be dismissed for failure to state a claim. Plaintiff has failed to show good cause why his claims should not be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**Dated December 13, 2024, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**