IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TYRONE TERRY,**

    **Plaintiff,**

    v.                                                      CASE NO. 24-3195-JWL

**KANSAS DEPARTMENT OF
CORRECTIONS, Central Inmate
Banking, et. al,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On November 6, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. The Court reviewed Plaintiff's response (Doc. 7), and on December 13, 2024, the Court entered a Memorandum and Order (Doc. 8) ("M&O") dismissing this case for failure to state a claim. This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 10).

The underlying facts are set forth in detail in the MOSC. In summary, Plaintiff claims that money was taken from his inmate account without his permission in an attempt to force him to purchase food. Plaintiff alleges that during this "attempted forced expenditure," Plaintiff was ridiculed, belittled, and verbally abused by staff and UTs. Plaintiff states in his Complaint that he followed the administrative grievance procedures, but "stopped as money finally returned but only after mental breakdown beyond control." (Doc. 1, at 5.)

1

The Court found in the MOSC that although Plaintiff alleges that funds were taken from his prisoner account without his permission, he acknowledges that the funds have been returned. The Court noted that even if the funds were not returned, and assuming Plaintiff could show that he has a property interest in his prison account, deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy and Kansas prisoners have an adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property).

The Court also found that the Tenth Circuit has held that "[m]ere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'" *Alvarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005) (unpublished) (quoting *Northington v. Jackson,* 973 F.2d 1518, 1524 (10th Cir. 1992)).

In his response, Plaintiff did not address the issue regarding the funds in his prisoner account. Regarding harassment by staff, Plaintiff argued that it resulted in punishments "of a mental nature and stature as well as those violations leading to a physical nature in the form of debilitations . . . ." (Doc. 7, at 2.) Plaintiff alleged that it caused him to vomit and shake "due to the constant fear of reprisals by defendants – staff." *Id*. Plaintiff stated that he is continuing to participate in counseling and group therapy, but he has been unable to stop UTM Little from "badgering and belittling" Plaintiff in front of everyone. *Id*. Plaintiff claims that UTM Little stated "don't worry Bellamy's next, I'm going to put someone in there to finish him off." *Id*. Plaintiff claims that these are serious "life and death criminal threats." *Id*.

The Court found in the M&O that Plaintiff's claims regarding alleged threats toward another inmate do not suggest a show of deadly force against Plaintiff. Where "the officers'

comments, although inappropriate, do not suggest a show of deadly force," they fail "to create 'terror of instant and unexpected death.'" *Alvarez*, 155 F. App'x at 396; *see also McBride v. Deer*, 240 F.3d 1287, at 1291 n.3 (10th Cir. 2001) ("[A]cts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment.") (citation omitted).  The Court found in the MOSC that Plaintiff's claims regarding verbal harassment do not rise to the level of an Eighth Amendment violation, and directed Plaintiff to show good cause why this claim should not be dismissed for failure to state a claim.  The Court dismissed this case, finding that Plaintiff failed to show good cause why his claims should not be dismissed for the reasons set forth in the MOSC.

Plaintiff filed his Motion for Reconsideration on January 17, 2025.  Because Plaintiff's motion was not filed within 28 days after the entry of the judgment, the Court will treat it as a motion under Rule 60(b).  *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.")

Plaintiff's motion is treated as a motion filed under Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from judgment entered in this matter. *See Weitz v. Lovelace Health System Inc.,* 214 F.3d 1175, 1178 (10th Cir. 2000).  Rule 60(b) provides in relevant part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In his Motion for Reconsideration, Plaintiff argues that his mental anguish has resulted in physical injuries, including loss of sleep, urinating on himself, and vomiting. (Doc. 10, at 2.) Plaintiff claims that his cause of action is clearly laid out in his Complaint. *Id*. at 4. Plaintiff alleges that staff are allowed to use their own cellphones, which causes corruption. *Id*. at 5. Plaintiff states that another inmate recently died and another inmate was beaten to death by his roommate. *Id*.

Plaintiff does not assert relief under any of the subsections in Rule 60(b). "Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (citation omitted). Revisiting issues already addressed "is not the purpose of a motion to reconsider," and "advanc[ing] new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed" is likewise inappropriate. *Id*.

A Rule 60(b) motion provides extraordinary relief which "may only be granted in exceptional circumstances." *Amoco Oil Co. v. United States Environmental Protection Agency,* 231 F.3d 694, 697 (10th Cir. 2000). Plaintiff has not shown that relief under Rule 60(b) is warranted. Plaintiff's motion is denied and the Court's December 13, 2024 Memorandum and Order and Judgment (Docs. 8, 9) stand.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Reconsideration (Doc. 10) is **denied.**

Dated January 17, 2025, in Kansas City, Kansas.

S/ John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**